# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SEAN A. STEPHEN,** * | |
| * | |
| Petitioner, * | |
| * | |
| v. * | Civil Action No.: RWT-10-2433 |
| * | |
| **UNITED STATES OF AMERICA,** * | |
| * | |
| Respondent. * | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Sean A. Stephen's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255(a) (2006). ECF No. 1. Petitioner attacks his sentence on two grounds: (1) he asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment and (2) he claims that his guilty plea was not knowing, intelligent, and voluntary. *Id.* at 6.

For the reasons stated below, the Court shall deny Petitioner's motion and no certificate of appealability shall issue.

## BACKGROUND AND PROCEDURAL HISTORY

On January 16, 2010, Petitioner was stopped on the Suitland Parkway for driving 92 miles per hour in a posted 50 miles per hour zone. ECF No. 4 at 1. He admitted to the U.S. Park Police officer who stopped him that he had been drinking, and after failing a field sobriety test, he was arrested. *Id.* A blood analysis showed Petitioner had been driving with a blood alcohol content (BAC) of 0.15, nearly twice the legal limit of 0.08. *Id.* at 2. Petitioner was initially charged with four offenses under 36 C.F.R. § 4.21–23 (2006), which govern speeding and the unsafe or intoxicated operation of motor vehicles in federal parks. *Id.*

On April 22, 2010, Petitioner accepted the terms of a plea agreement negotiated by his court-appointed attorney, Edmond O'Connell, Esq. ECF Nos. 1, 4-1. Per the agreement, Petitioner pleaded guilty to one count of driving under the influence with a BAC of 0.08 or higher in violation of 36 C.F.R. § 4.23(a)(2) and one count of speeding in violation of 36 C.F.R. § 4.21(c). ECF No. 4 at 2. The other two charges were dropped. *Id*.

During the April 22 hearing, United States Magistrate Judge Thomas M. DiGirolamo thoroughly reviewed the nature and consequences of Petitioner's guilty plea with him. ECF No. 4-1 at 3–5. Judge DiGirolamo asked Petitioner whether his guilty plea was his "free and voluntary decision," to which he replied it was. *Id*. at 4–5. Finding Petitioner competent to plead guilty, Judge DiGirolamo accepted his guilty plea, sentenced him to 12 months of probation, and assessed a $400 fine. *Id*. at 8.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct his sentence if it was imposed in violation of the U.S. Constitution or is otherwise subject to collateral attack. To prevail, a petitioner must prove his grounds for relief by a preponderance of the evidence. *See Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965). Petitioner argues he is entitled to have his sentence changed to a probation before judgment (PBJ) or to have the conviction concealed or removed from his federal criminal record, either because he received ineffective assistance of counsel in violation of his Sixth Amendment rights or because as a result of attorney error, his guilty plea was not knowing, intelligent, and voluntary. ECF No. 1 at 6–7.

## I. Petitioner Has Not Demonstrated that He Received Ineffective Assistance of Counsel

Courts examine claims of ineffective assistance of counsel during pleading under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland*, defendants must show (1) that their attorneys' performance or actions were objectively unreasonable (the "performance prong") and (2) that the defendant suffered prejudiced as a result (the "prejudice prong"). *See id.*; *United States v. Davis*, 346 Fed. App'x 941, 943 (4th Cir. 2009). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687; *Davis*, 346 Fed. App'x at 944 ("Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice"). Here, Petitioner fails to establish either prong.

A. <u>Petitioner has not established that counsel's performance was objectively unreasonable.</u>

To satisfy the performance prong, a defendant must prove that his attorney's actions were so far outside the "wide range of reasonable professional assistance" as to overcome judges' substantial deference to attorney decision-making. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Strickland*, 466 U.S. at 689. Logically, counsel's performance cannot be unreasonable if his advice or actions conform to established law. *C.f. United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (holding an attorney's decision not to challenge the application of a sentencing enhancement was reasonable absent any law or precedent establishing that such application was inappropriate).

Petitioner appears to allege that counsel's performance was objectively unreasonably because Mr. O'Connell did not discuss with him the possibility of obtaining a probation before

judgment (PBJ) outcome as an alternative to a guilty plea. ECF No. 1 at 6.[1] A PBJ is a form of case disposition available to defendants under Maryland state law in which a court may, under certain circumstances, "stay the entering of judgment, defer further proceedings, and place the defendant on probation." Md. Code Ann., Crim. Proc. § 6-220(b)(1) (West 2013).

Petitioner is incorrect to believe a PBJ was an available alternative to a guilty plea in this case. In *United States v. Brotzman*, 708 F. Supp. 713, 715–16 (D. Md. 1989), the court examined this issue and held that PBJs and other penalties under Maryland law were not available to defendants who commit traffic and motor vehicle violations in state parks in violation of 36 C.F.R. § 4. The *Brotzman* court noted that the regulatory code had an applicable penalty provision and that the regulatory history indicated "that there was an express attempt by the Secretary of the Interior to avoid the application of state-law penalties" in these cases. *See Brotzman*, 708 F. Supp. at 715.[2] Because a PBJ was not an available penalty for Petitioner, Mr. O'Connell cannot be faulted for failing to raise it with him. Thus, Petitioner has not established counsel's performance was objectively unreasonable.

---

[1] There is some ambiguity in Petitioner's motion. Under a different reading, it could be read that when he states that Mr. O'Connell told him pleading guilty was his "only option," Petitioner is alleging that counsel tried to channel him toward a guilty plea by withholding the knowledge that he had a right to jury trial. ECF No. 1 at 6. However, because Petitioner is not claiming he would have sought a jury trial but for counsel's alleged errors [*id*], and because he evinced no surprise during the hearing in which he pleaded guilty that he had a right to a jury trial [ECF No. 4-1 at 4], it appears more likely that his argument is focused on counsel's failure to mention a PBJ outcome.

[2] "The NPS wishes to emphasize the fact that, although substantive provisions of State law are adopted, administrative or penalty provisions of State law are not. A person convicted in Federal court of a violation of State law under § 4.2 would be subject only to the penalty provisions in 36 C.F.R. 1.3, regardless of whether State law provides for a greater or less severe penalty, a mandatory penalty or only a minor administrative penalty such as administrative training. However, imposition of specific penalties remains a matter of judicial discretion.

B. <u>Petitioner has not established the prejudice prong.</u>

Because Petitioner has failed to show that his attorney's conduct was objectively unreasonable, it is not necessary to address the prejudice prong. *See Davis*, 346 Fed. App'x at 944. However, even if the attorney's conduct had been objectively unreasonable, there was no prejudice to Petitioner.

Petitioner claims that he suffered prejudice because, absent Mr. O'Connell's failure to discuss the possibility of a PBJ outcome, he would have sought such a disposition. ECF No. 1 at 6. To establish prejudice, defendants must prove that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Marlar v. Warden, Tyger River Corr. Inst.*, 432 Fed. App'x 182, 188 (4th Cir. 2011). Ordinarily, a defendant who has pleaded guilty can only establish prejudice if he can show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58–59; *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

Here, Plaintiff does not argue that he would have gone to trial but for counsel's alleged error. Rather, he asserts that he would have sought a more favorable disposition than what he received under the plea agreement. He does not allege facts or argue that it was *reasonably likely* that the court would have given him a PBJ. Moreover, unlike a jury trial, which is a constitutional guarantee in criminal prosecutions, a PBJ disposition was simply not available to Petitioner. *See Brotzman*, 708 F. Supp. at 715–16. Because the "favorable" outcome in this case could not possibly have occurred, Petitioner cannot show he suffered prejudice as a result of Mr. O'Connell's supposed error.

5

## II. Petitioner Has Not Shown His Guilty Plea was Invalid

Petitioner also appears to attack his sentence on the grounds that his guilty plea was invalid. *See* ECF No. 1 at 6. To successfully attack a sentence on those grounds, a defendant must prove that the plea was not knowing, intelligent or voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (holding that the trial court was in plain error to accept a defendant's guilty plea "without an affirmative showing that it was intelligent and voluntary"). A defendant's statements at the plea hearing are generally considered conclusive evidence on these issues. *See Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1996) ("Before taking the plea . . . the judge confirmed that [the defendant] read and understood the memorandum, then signed it with full knowledge. In response to the judge's questions, [the defendant] declared that his plea was free and voluntary. The colloquy, coupled with the substance of the memorandum, more than satisfies the concerns articulated in *Boykin v. Alabama*"); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991) (holding that a defendant's statements during a plea hearing colloquy were "strong evidence of the voluntariness of his plea").

Petitioner cannot show his guilty plea bore any defects whatsoever. His sole claim here is that Mr. O'Connell's failure to raise the possibility of a PBJ disposition would render a guilty plea unintelligent. ECF No. 1 at 6. As previously discussed, Mr. O'Connell did not err in not discussing that possibility because it simply did not exist as a matter of law.

Beyond the inadequacy of Petitioner's sole argument attacking his guilty plea, the record definitively shows that he understood the consequences of pleading guilty and was in no way coerced into doing so:

> THE COURT: Do you understand that you do not need to plead guilty to anything if you do not want to?
> THE DEFENDANT: Yes, Your Honor.

> THE COURT: By pleading guilty you are giving up your right to a trial, do you understand that?
> THE DEFENDANT: Yes, Your Honor.
> [The Court lists other rights Petitioner would waive by pleading guilty and asks if Petitioner understands. He states that he does understand.] [. . .]
> THE COURT: Has anyone used any force or made any threats against you or anyone else to get you to plead guilty today? Has anyone offered or promised you anything to get you to plead guilty today?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Is your plea today your free and voluntary decision?
> THE DEFENDANT: Yes, Your Honor.

ECF No. 4-1 at 4–5. Petitioner's responses to Judge DiGirolamo's questions make it clear that he voluntarily pleaded guilty with full knowledge of the consequences of doing so. Thus, he is unable to prove his plea was in any sense invalid.

## CERTIFICATE OF APPEALABILITY

Petitioner may not appeal this Court's order denying him relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will only issue if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2006); *Hardy*, 227 Fed App'x at 273. A petitioner "satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *See Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003); *United States v. Riley*, 322 Fed. App'x 296, 297 (4th Cir. 2009) (unpublished).

Here, Petitioner's sole argument that he suffered a constitutional violation is based on his confusion over pertinent law. As a matter of law, he was was not entitled to a PBJ disposition. He does not raise any other allegations tending to show he suffered some cognizable harm from

ineffective counsel or in pleading guilty. Therefore, no reasonable jurist could find merit in Stephen's claims, and no certificate of appealability shall issue.

## CONCLUSION

For the foregoing reasons, Stephen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is denied and no certificate of appealability shall issue. A separate Order follows.

Date:  July 25, 2013                                              /s/
                                                        ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE